

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

KLA/PL AGR
2025R00342

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

August 8, 2025

John A. Azzarello, Esq.
Attorney for Jean Metellus
Whipple Azzarello LLC
177 Madison Avenue
Morristown, NJ 07960

      Re: <u>Plea Agreement with Jean Metellus</u>

Dear Mr. Azzarello:

This letter sets forth the plea agreement between your client, Jean Metellus ("METELLUS"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on August 29, 2025, if it is not accepted in writing by that date. If METELLUS does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from METELLUS to a one-count Information, which charges METELLUS with Theft of Public Money, in violation of 18 U.S.C. § 641. If METELLUS enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against METELLUS for theft of public money between in or around September 2008 and in or around March 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against METELLUS even if the applicable statute of limitations period for those charges expires after METELLUS signs this agreement, and METELLUS agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 641 to which METELLUS agrees to plead guilty in the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon METELLUS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence METELLUS ultimately will receive.

Further, in addition to imposing any other penalty on METELLUS, the sentencing judge as part of the sentence:

(1) will order METELLUS to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order METELLUS to pay restitution pursuant 18 U.S.C. § 3663 *et seq.*; and

(3) pursuant to 18 U.S.C. § 3583, may require METELLUS to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should METELLUS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, METELLUS may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, METELLUS agrees to pay full restitution to the victim of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| Social Security Administration | $132,255.00 |

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on METELLUS by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of METELLUS' activities and relevant conduct with respect to this case.

Stipulations

This Office and METELLUS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and METELLUS waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

METELLUS understands that, if METELLUS is not a citizen of the United States, METELLUS' guilty plea to the charged offense will likely result in METELLUS being subject to immigration proceedings and removed from the United States by making METELLUS deportable, excludable, or inadmissible, or ending METELLUS' naturalization. METELLUS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. METELLUS wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause METELLUS' removal from the United States. METELLUS understands that METELLUS is bound by this guilty plea regardless of any immigration consequences. Accordingly, METELLUS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. METELLUS also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against METELLUS. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude METELLUS from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between METELLUS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD W. BLANCHE
United States Deputy Attorney General

ALINA HABBA
Acting United States Attorney and
Special Attorney

By:   Keith L. Abrams
      Special Assistant U.S. Attorney

APPROVED:

Benjamin Levin
Chief, OCDETF/Narcotics Unit

I have received this letter from my attorney, John A. Azzarello, Esq. I have read it. My attorney and I have reviewed and discussed it and all its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Jean Metellus* [signature]        Date: 8/15/25
Jean Metellus

I have reviewed and discussed with my client this plea agreement and all its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*John R. Azzarello* [signature]        Date: 08/15/2025
John A. Azzarello, Esq.
Counsel for Defendant

- 6 -

Plea Agreement with Jean Metellus

Schedule A

1.      This Office and Jean Metellus ("METELLUS") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6 because the offense of conviction has a statutory maximum term of imprisonment of less than 20 years. *See* U.S.S.G. § 2B1.1(a)(2).

4.      Because the loss amount is $132,255.00, which is between $95,000 and $150,000, an eight-level upward adjustment applies pursuant to U.S.S.G. § 2B1.1(b)(1)(E).

5.      As of the date of this letter, METELLUS has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if METELLUS' acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6.      If METELLUS establishes at sentencing that he has no criminal history points and meets the other criteria of U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

7.      Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to METELLUS is:

   a. 12 or

   b. 10, if the Court finds that METELLUS meets the criteria prescribed by U.S.S.G. § 4C1.1 and is therefore entitled to a two-level downward adjustment.

8.      The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

If the term of imprisonment does not exceed 16 months, and except as specified in the next paragraph below, METELLUS will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the sentencing judge imposes the minimum sentence allowable under the Total Offense Level, as described in Schedule A ¶ 7, and the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

9. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).